UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCI A. M.,

      Plaintiff,

v.

Case No. 22-CV-12204
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER (1) REJECTING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION, (2) ADOPTING REPORT & RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENY DEFENDANT'S MOTION, AND REMAND FOR BENEFITS**

On September 19, 2022, Plaintiff filed this lawsuit challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for social security benefits. On September 21, this Court referred the lawsuit to the assigned magistrate judge for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).[1] (ECF

---

[1] The matter initially was referred to the Honorable Jonathan J.C. Grey but was reassigned to Magistrate Judge Kimberly G. Altman on March 10, 2023, when Judge Grey became a district judge.

1

No. 2.)  The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 9, 11.)

On January 29, 2024, Magistrate Judge Kimberly G. Altman issued an R&R recommending that this Court grant Plaintiff's summary judgment motion, deny the Commissioner's motion, and remand the matter for an award of benefits.  (ECF No. 14.)  At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  The Commissioner filed objections on February 7 (ECF No. 14), to which Plaintiff responded (ECF No. 15).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has made a *de novo* determination of those portions of the R&R to which the Commissioner objects and reaches the same conclusion as Magistrate Judge Altman.  As the Commissioner acknowledges, the Administrative Law Judge ("ALJ") erred in his consideration of the consistency factor when discounting the opinion of Plaintiff's treating psychiatrist, Dr. Bernadette Angeles.  (*See* ECF No. 14 at PageID. 1304-05.)  As the Commissioner further acknowledges, this alone warrants reversal of the Commissioner's decision and, at least, a remand for further proceedings.  (*Id*. at PageID 312.)  The Court rejects the Commissioner's objections to Magistrate Judge Altman's further reasons for finding a remand warranted and the award of benefits warranted.

The Commissioner misunderstands or misconstrues Magistrate Judge Altman's discussion of *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989), and *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  Further, Magistrate Judge Altman did not fault the ALJ for failing to explicitly discuss Dr. Angeles' specialization or relationship with Plaintiff; and, in fact, Magistrate Judge Altman acknowledged that these factors need not be explained in the ALJ's analysis.  (*See* ECF No. 13 at PageID. 1291.)  Magistrate Judge rightfully found, however, that the ALJ did not properly weigh Dr. Angeles' status as a psychiatrist and almost decade-long treating relationship with Plaintiff when rejecting Dr. Angeles' opinion.  (*See id.* at PageID. 1297.)

Finally, the Commissioner overstates the significance of the "normal" findings in Plaintiff's mental health record.  As detailed in Magistrate Judge Altman's R&R, Plaintiff consistently struggled mentally, despite repeated efforts to adjust her prescribed psychotropic medications, which also caused her continued side effects which would

3

interfere with her ability to work. Any lack of significant difficulties with memory, attention, judgment, or insight—although the overall record reflects actual severe difficulties in at least three of these areas—is not definitive of whether Plaintiff has a substantial psychiatric impairment rendering her disabled. Similarly, Plaintiff's ability to engage in certain daily activities does not undermine the finding that she is precluded from maintaining fulltime employment. For these reasons, even setting aside Magistrate Judge Altman's consideration of unwarranted delay, "the record adequately establishes [Plaintiff]'s entitlement to benefits." *Kim v. Comm'r of Sec. Sec.*, No. 12-11694, 2013 WL 3981893, at *8 (E.D. Mich. Aug. 1, 2013) (citation omitted).

For these reasons, and the reasons set forth in Magistrate Judge Altman's well-reasoned decision, the Court adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 11) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 15, 2024